THE STATE OF FLORIDA, *ex rel.* ELIZABETH MIZELLE, *Plaintiff in Error,* v. JOHN M. GRAHAM, COUNTY TREASURER, *Defendant in Error.*

Opinion Filed March 31, 1914.

Where an administrative regulation having the force of law, requires warrants drawn by the county board of public instruction against the county school funds to be countersigned by

the county superintendent of public instruction, as secretary of such board, and as county superintendent, the county treasurer will not by mandamus be required to pay a warrant not so countersigned.

Writ of Error to Circuit Court for Marion County;. W. S. Bullock, Judge.

Judgment affirmed.

*Spencer* & *Hocker,* for Plaintiff in Error;

*Hocker* & *Martin,* for Defendant in Error.

WHITFIELD, J.—An alternative writ of mandamus was issued in the Circuit Court commanding the County Treasurer to pay a County School Warrant held by the relator, or to show cause for not doing so. The warrant was by the County Board of Public Instruction ordered to be drawn and was drawn and signed by the chairman of the Board. The return by answer avers that by Section 142 of the General Statutes, "the State Superintendent of Public Instruction is charged with the duty, among other things, of prescribing 'regulations for the management of the department of public instruction;' and   *   *   *   that the State Department of Public Instruction and the State Superintendent of Public Instruction, have ordered and required that all warrants issued by and under authority of the county boards of public instruction in the State of Florida shall not only be signed by the chairman of the board,   *   *   *   but shall also be countersigned by the county superintendent of public instruction, as secretary of such board, and as county superintendent;" and that the warrant was not countersigned by the county superintendent of public

instruction of the county, and as ex-officio secretary of the board of public instruction for the county. In an agreed statement it is stipulated "that all statements of fact made in the answer of the respondent are true." The alternative writ of mandamus was dismissed and the relator took writ of error.

The statute does not prescribe the form and manner of drawing county school warrants, but it does give to the State Board of Public Instruction and to the State Superintendent of Public Instruction such duties and powers as would authorize them to prescribe rules and regulations for issuing, recording, paying and cancelling warrants drawn against school funds of the county; and such rules and regulation have the force of law when not in conflict with the statutes or public policy of the State. A regulation that such warrants shall be countersigned by the County Superintendent of Public Instruction is quite appropriate. He is by law ex-officio Secretary of the County Board of Public Instruction, with large powers and duties in the administration of the county school funds.

It is admitted "that the State Department of Public Instruction and the State Superintendent of Public Instruction, have ordered and required that all warrants issued by and under authority of the County Boards of Public Instruction in the State of Florida shall not only be signed by the chairman of the board, but shall also be countersigned by the County Superintendent of Public Instruction, as secretary of such board, and as County Superintendent," and that the warrant was not so countersigned. Such a regulation being within the province of the stated officials of the Educational Department of the State, and not being contrary to any statute or public policy, but being a salutary regulation having the

force of law within its proper sphere of operation, it should be complied with before the treasurer will by mandamus be required to pay a warrant not drawn in accordance with the reasonable and proper regulation.

The judgment dismissing the alternative writ of mandamus is affirmed.

SHACKLEFORD, C. J., AND TAYLOR AND COCKRELL, J. J., concur.

HOCKER, J., takes no part.